```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF NEW JERSEY
```

| | |
|---|---|
| EUGENE ROBINSON, | HONORABLE JEROME B. SIMANDLE |
| Plaintiff, | |
| v. | Civil Action<br>No. 16-cv-06767 (JBS-AMD) |
| NEW JERSEY DEPARTMENT<br>OF CORRECTIONS, et al., | **OPINION** |
| Defendants. | |

APPEARANCES:

Eugene Robinson
Plaintiff Pro Se
1010 Kenwood Avenue
Camden, NJ 08104

**SIMANDLE, Chief District Judge:**

    1.    Plaintiff Eugene Robinson seeks to bring a complaint against the New Jersey Department of Corrections ("NJDC") and the Camden County Correctional Facility ("CCCF"). Complaint Docket Entry 1.

    2.    Section 1915(e)(2) requires a court to review complaints prior to service in cases in which a plaintiff is proceeding *in forma pauperis*. The Court must sua sponte dismiss any claim that is frivolous, is malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. This action is

1

subject to sua sponte screening for dismissal under 28 U.S.C. § 1915(e)(2)(B) because Plaintiff is proceeding *in forma pauperis*.

3.  Rule 8 of the Federal Rules of Civil Procedure requires pleadings to contain "a short and plain statement of the grounds for the court's jurisdiction . . . a short and plain statement of the claim showing that the pleader is entitled to relief; and demand for the relief sought . . . ." Fed. R. Civ. P. 8(a)(1)-(3).

4.  Plaintiff has named CCCF and the NJDC as the defendants in the complaint; however, the complaint itself is blank. Complaint §§ III-V. As such, the Court cannot discern what cause of action Plaintiff intends to pursue against defendants. The complaint must therefore be dismissed for failure to state a claim.

5.  Plaintiff may amend the complaint within 30 days of the date of this order.[1] Any amended complaint must comply with Rule 8 and must allege "sufficient factual matter" to show that the claim is facially plausible. *Fowler v. UPMS Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (citation omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Fair Wind*

---

[1] Any amended complaint shall be subject to screening before service.

*Sailing, Inc. v. Dempster*, 764 F.3d 303, 308 n.3 (3d Cir. 2014) "[A] pleading that offers 'labels or conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

6. Plaintiff is further advised that the NJDC and the CCCF because defendants are not "state actors" within the meaning of § 1983. *See Crawford v. McMillian*, No. 16-3412, 2016 WL 6134846 (3d Cir. Oct. 21, 2016) ("[T]he prison is not an entity subject to suit under 42 U.S.C. § 1983.") (citing *Fischer v. Cahill*, 474 F.2d 991, 992 (3d Cir. 1973)); *Grabow v. Southern State Corr. Facility*, 726 F. Supp. 537, 538-39 (D.N.J. 1989) (correctional facility is not a "person" under § 1983); *Accord Glaspie v. Gloucester County New Jersey*, No. 15-7691, 2016 WL 4718140, at *2 (D.N.J. Sept. 7, 2016) (Department of Corrections is not a "person" subject to § 1983 liability). Plaintiff must name someone with personal involvement in the alleged violation as the defendant if he intends to pursue monetary damages.

7. Second, Plaintiff's claims against the NJDC also must be dismissed with prejudice on the basis of sovereign immunity. Absent a clear waiver by a state of its Eleventh Amendment immunity or a proper congressional abrogation of that immunity, a federal court lacks jurisdiction to hear claims brought by an individual against a state. *Snyder v. Baumecker*, 708 F. Supp.

3

1451, 1455 (D.N.J. 1989) (citing *Pennhurst State School and Hosp. v. Halderman*, 465 U.S. 89, 99, 104 S. Ct. 900, 907, 79 L.Ed.2d 67 (1984)). The Eleventh Amendment to the United States Constitution provides: "The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. Const. amend. XI. Plaintiff may not bring a suit against the State in federal court unless Congress has expressly abrogated New Jersey's sovereign immunity or the State consents to being sued in federal court. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 66 (1989). Here, Congress did not expressly abrogate sovereign immunity when it passed § 1983, *see id.*, and there is no indication New Jersey has consented to Plaintiff's suit. The claims against the State of New Jersey must therefore be dismissed with prejudice.

    8.   Plaintiff should note that when an amended complaint is filed, the original complaint no longer performs any function in the case and cannot be utilized to cure defects in the amended complaint, unless the relevant portion is specifically incorporated in the new complaint. 6 Wright, Miller & Kane, Federal Practice and Procedure 1476 (2d ed. 1990) (footnotes omitted). An amended complaint may adopt some or all of the allegations in the original complaint, but the identification of

4

the particular allegations to be adopted must be clear and explicit. *Id.* To avoid confusion, the safer course is to file an amended complaint that is complete in itself. *Id.* The amended complaint may not adopt or repeat claims that have been dismissed with prejudice by the Court.[2]

9.   For the reasons stated above, the Complaint is: (a) dismissed with prejudice as to the CCCF and NJDC; and (b) dismissed without prejudice for failure to state a claim.

10.   An appropriate order follows.

**February 6, 2017**         **s/ Jerome B. Simandle**
Date                                        JEROME B. SIMANDLE
                                            Chief U.S. District Judge

---

[2] Plaintiff dated his signed Complaint "March 5, 2012." The Complaint was received by the Court on October 7, 2016.